DENNIS F. MORIARTY, ESQ.  (BAR NO. 37612)
ARLEN LITMAN-CLEPER, ESQ.  (BAR NO. 289699)
CESARI, WERNER AND MORIARTY
75 Southgate Avenue
Daly City, CA 94015
Telephone: (650) 991-5126
Facsimile:   (650) 991-5134
dmoriarty@cwmlaw.com
alitman@cwmlaw.com
6373-3-19-14
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THONGXY PHANSOPHA,<br><br>                      Plaintiff,<br><br><br>vs.<br><br><br>CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125,<br><br>                      Defendants. | No. 2:20-at-1146<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS** |

## <u>INTRODUCTION</u>

        This action is brought by THONGXY PHANSOPHA for damages, declaratory relief, and injunctive relief enjoining and declaring unconstitutional the deprivations of the federal and state constitutional rights caused by the CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT, and their officials and personnel, who subjected Plaintiff to a policy or custom of unreasonable and excessive use of force by firing impact weapons to strike and injure non-violent demonstrators exercising their constitutional rights to freedom of speech.

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution), and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities 7 secured by the United States Constitution). This Court has supplemental jurisdiction of the state law 8 claims pursuant to 28 U.S.C. § 1367.

2.     Venue is proper in the United State District Court for the Eastern District of California 10  pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because the acts and/or omissions described herein occurred in the Eastern District of California.

3.     Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California

**EXHAUSTION**

4.     THONGXY PHANSOPHA submitted a government claim to the CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT concerning his individual claims asserted in this action. The government claim was rejected as a matter of law. See Cal. Gov. Code § 912.4(c).

**PARTIES**

5.     Plaintiff THONGXY PHANSOPHA is a resident of the County of Sacramento, California.

6.     Defendant CITY OF SACRAMENTO is a "public entity" within the definition of Cal. Gov. Code § 811.2.

7.      Defendant SACRAMENTO POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

8.     Defendant DANIEL HAHN is, and at all times material herein was, a law enforcement officer and Police Chief for Defendants CITY OF SACRAMENTO and

1  SACRAMENTO POLICE DEPARTMENT, acting within the scope of that employment.

2  Defendant DANIEL HAHN is sued in his individual capacity.

3  9.      Defendants DOE 1 to 125 are and/or were agents or employees of Defendants CITY

4  OF SACRAMENTO and/or SACRAMENTO POLICE DEPARTMENT and acted within the

5  scope of that agency or employment and under color of state law. The true and correct names

6  of Defendants DOE 1 to125 are not now known and they are identified by their fictitious

7  names. Plaintiff THONGXY PHANSOPHA, will substitute the true and correct names of

8  Defendants DOE 1 to 125 when ascertained.

9  **GENERAL ALLEGATIONS**

10  10.      At all times relevant herein, all wrongful acts described were performed under color

11  of state law and/or in concert with or on behalf of those acting under the color of state law.

12  11.      On May 26, 2020, George Floyd, a black man, was murdered by Minneapolis police

13  officer Derek Chauvin, a white man. Chauvin knelt on Floyd's neck for almost nine minutes,

14  as Floyd gasped for air, begged for mercy, and told the officer he could not breathe. Three

15  other Minneapolis police officers looked on, without intervention or protest, as Chauvin

16  slowly killed Floyd. Floyd's killing was captured on camera and went "viral."

17  12.      Floyd's murder is consistent with a longstanding, ongoing pattern of cases where

18  minorities—and, most-often, black men—are subject to disproportionate force and

19  sometimes killed by law enforcement without justification. For example, and in addition to

20  Floyd, some other highly publicized and recent killings by law enforcement include Tamir

21  Rice, Michael Brown, Eric Garner, Philando Castile, Joseph Mann, Stephon Clark, and

22  Breonna Taylor.

23  13.      Nationwide outcry, protest, and demonstration immediately resulted from Floyd's

24  killing, with many around the country disgusted by and fed-up with law enforcement's all-

25  too-frequent resort to deadly force without accountability. Thousands took to the streets to

26  express their constitutional rights to freedom of speech and petition against government

27  officials who either participated in police violence or idly stood-by while fellow officers

28  engaged in such misconduct.

14.     Many protests have occurred, and are continuing to occur, in Sacramento, California. Demonstrating the very same propensity for the use of unjustified violence that gave rise to these recent nationwide demonstrations, Defendant SACRAMENTO POLICE DEPARTMENT's officers took to the streets in droves, armed for war against their own citizenry, and employed severe and unjustified excessive force against peaceful, non-violent demonstrators.

15.     On or about the final hours of May 30, 2020, and/or the early hours of May 31, 2020, Plaintiff THONGXY PHANSOPHA (pronouns: they/them) was attending a demonstration occurring in downtown Sacramento near 21st and J Streets.

16.     A police line of Defendant SACRAMENTO POLICE DEPARTMENT's officers advanced to J and 21st Streets, where a standoff between protestors and police remained for some time.

17.     Plaintiff THONGXY PHANSOPHA was peacefully demonstrating in front of the police line when officers, including Defendants DOE 1 to 125, began indiscriminately to fire their weapons into the crowd of protestors.

18.     Plaintiff THONGXY PHANSOPHA observed that several protestors were directly struck with projectiles fired by Defendants DOE 1 to 125.

19.     Defendants DOE 1 to 125 were targeting the heads of protestors, intending to severely to injure them.

20.     Plaintiff THONGXY PHANSOPHA was shot at and hit no less than seven times, including being struck with a gas canister and six rubber bullets.

21.     Plaintiff THONGXY PHANSOPHA was struck with a gas canister and three rubber bullets in the head and face, nearly killing them.

22.      Plaintiff THONGXY PHANSOPHA was struck with multiple rubber bullets above the waist.

23.     Plaintiff THONGXY PHANSOPHA fell to the ground, incapacitated and bleeding severely from the head.

24.     Defendants DOE 1 to 125 continued to fire-on Plaintiff THONGXY PHANSOPHA, even after they fell to the ground, defenseless and injured.

25.     Plaintiff THONGXY PHANSOPHA is unable to identify the officers who shot them due to Defendants DOE 1 to 125's uniforms and equipment which obscured their identity. On information and belief, Defendants DOE 1 to 125's indistinguishable uniforms and equipment were employed, at least in part, for the purpose of hiding officers' identities and avoiding accountability.

26.     Plaintiff THONGXY PHANSOPHA was admitted to the hospital for numerous and severe injuries caused by the multiple projectiles fired at them.

## POLICY AND CUSTOM ALLEGATIONS

27.     Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT's Chief of Police, Defendant DANIEL HAHN, is a final policy-making authority under state law and Defendant SACRAMENTO POLICE DEPARTMENT's General Orders. See Cal. Gov. Code §38630(a); <https://www.cityofsacramento.org/Police/Transparency/General-Orders>. Defendant DANIEL HAHN has served as Chief of Police since August 2017.

28.     Defendants DOE 1 to 125 possess policy-making authority, based on the delegation of authority from Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and/or DANIEL HAHN.

## POLICIES

29.     Defendant SACRAMENTO POLICE DEPARTMENT maintains General Order 532.11 "Crowd & Riot Control Manual," available at: <https://www.cityofsacramento.org/-/media/Corporate/Files/Police/Transparency/RMs/RM-53211-Crowd-and-Riot-as-of-1298.pdf?la=en>. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125's policies, including General Order 532.11, ch. 2, sec. (A)(3)(e), authorizes officers to use force against non-threatening demonstrations: "If a display of officers accompanied by a dispersal order does not result in voluntary dispersal, more forceful action may be employed."

30.     Defendant SACRAMENTO POLICE DEPARTMENT maintains General Order

580.02 "Use of Force," available at:

<https://www.cityofsacramento.org//media/Corporate/Files/Police/Transparency/GO/Section

-500/GO-58002-Use-of-Force-6820.pdf?la=en>. Defendants CITY OF SACRAMENTO,

SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOES 1 to 125's

policies, including General Order 580.02(A)(8)(c), defines projectile weapons fired by

officers at persons to be "Less Lethal Force." In reality, projectile weapons have the ability to

severely injure, permanently disable, and kill targets. See "Death, injury and disability from

kinetic impact projectiles in crowd-control settings: a systematic review," available at:

<https://bmjopen.bmj.com/content/7/12/e018154>.

31.     Defendant SACRAMENTO POLICE DEPARTMENT maintains General Order

580.12 "Less Lethal Weapons," according to General Order 580.02(E)(3)(f). Defendant

SACRAMENTO POLICE DEPARTMENT does not make its General Order 580.12 "Less

Lethal Weapons" publicly available. See

<https://www.cityofsacramento.org/Police/Transparency/General-Orders>.

## **CUSTOMS**

32.     Use of Unconstitutional Tactics in Response to Demonstration/Protest: Defendants

CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN,

and DOE 1 to 125 maintain an unofficial custom whereby their officers are permitted to

employ unconstitutional tactics against persons in or around the area of a

demonstration/protest—particularly as it relates to demonstrations/protests concerning the

subject of police violence. This custom proximately caused Defendants DOE 1 to 125's

unconstitutional actions against Plaintiff THONGXY PHANSOPHA, In addition to the

incidents giving rise to this action, evidence of the existence of this custom is reflected by the

circumstances in *Coburn v. City of Sacramento*, E.D. Cal. Case No. 2:19-cv-00888-TLN-AC.

In the *Coburn* case, a demonstration protesting the Sacramento County District Attorney's

Office's refusal to prosecute the police officers responsible for shooting and killing an

unarmed black man, Stephon Clark, in his grandmother's backyard, occurred on March 4,

1  2019. Hundreds of law enforcement officers, including Defendant SACRAMENTO POLICE

2  DEPARTMENT's officers, corralled, "kettled," and trapped 84 persons (including

3  participants and non-participants, such as legal observers and press members) on a

4  highway overpass, impeding the demonstrations' movement and preventing and persons

5  from leaving the scene. The officers then declared an unlawful assembly and used force

6  unconstitutionally to detain, arrest, and book all trapped persons. The law enforcement

7  agencies, including Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE

8  DEPARTMENT, agreed to settle the claims that resulted from a civil rights lawsuit pursuant

9  to a stipulated class action settlement agreement. Defendants CITY OF SACRAMENTO and

10  SACRAMENTO POLICE DEPARTMENT agreed to pay at least $414,000.00 to settle the

11  action.

12  33.     Use of Unreasonable and Excessive Force/Failure to Train, Supervise, or Discipline:

13  Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT,

14  DANIEL HAHN, and DOE 101 to 125 maintain an unofficial custom whereby their officers

15  are permitted to use unreasonable and excessive force against persons with whom they come

16  into contact, without meaningful consequence, discipline, or corrective action. Defendants

17  CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN,

18  and DOE 101 to 125's failure to investigate and to discipline officers in the face of

19  widespread constitutional violations has resulted in use of force with impunity. This custom

20  proximately caused Defendants DOE 1 to 100's use of force against Plaintiff

21  THONGXY PHANSOPHA. In addition to the incidents giving rise to this action, evidence of

22  the existence of this custom is reflected by: a. The California Department of Justice's

23  "Report & Recommendations" issued on January 29, 2019. See

24  <https://oag.ca.gov/system/files/attachments/press-docs/spd-report.pdf>. Therein, numerous

25  and "significant deficiencies" are identified and recommendations provided in reference to

26  Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT's

27  use of force policies and training. For example, Defendant SACRAMENTO POLICE

28  DEPARTMENT's use of force policies "should affirm the importance of proportionality";

1  "should prohibit certain problematic uses of force"; and should "[r]equir[e] officers to

2  intervene during a use of force incident when the force used is outside of departmental

3  policy." Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE

4  DEPARTMENT's use of force training "should place greater emphasis on teaching officers

5  to have a 'guardian' mindset"; and "should ensure its use of force training emphasizes

6  critical-decision making skills and require such training annually for all staff, regardless of

7  rank." b. Numerous incidents involving allegations of unreasonable and excessive uses of

8  force by Defendant SACRAMENTO POLICE DEPARTMENT's officers which were

9  substantiated by significant settlements, for example:

10        *i. Clark v. City of Sacramento*, E.D. Cal. Case No. 2:19-cv-00171-JAM-EFB

11  (Alleging that two police officers shot an unarmed man, Stephon Clark, to death on March

12  18, 2018, while he hid in his grandmother's backyard. The resulting lawsuit was partially

13  settled for $2,400,000).

14        *ii. Cain v. City of Sacramento*, E.D. Cal. Case No. 2:17-cv-00848-JAM-DB (Alleging

15  that a police officer grabbed, tackled, and punched a man for jaywalking on April 10, 2017,

16  without realizing the beating was recorded. The resulting lawsuit was settled for $550,000.

17  <https://www.sacbee.com/news/local/article228710949.html>).

18        *iii. Hernandez v. City of Sacramento*, E.D. Cal. Case No. 2:17-cv-02311-JAMDB

19  (Alleging that three police officers chased an unarmed man who had been loitering in front of

20  a convenience store into a hospital where he was then tased, beaten, and pinned to ground

21  until he asphyxiated to the point of coma on March 6, 2017. The resulting lawsuit was settled

22  for $5,200,000. <https://www.sacbee.com/news/local/article231173283.html>).

23        *iv. Mann v. City of Sacramento*, E.D. Cal. Case No. 2:16-cv-01847-WBS-DB

24  (Alleging that a mentally-ill man was falsely reported to have a gun when two police officers

25  unsuccessfully attempted to run-over the man with their patrol vehicle and, after failing to do

26  so, exited the vehicle, pursued the man on foot as he fled, cornered the man, and shot him to

27  death on July 11, 2016. The resulting lawsuit was settled for $719,000.

28  <www.sacbee.com/news/local/article130391109.html>).

v. *Namoca v. City of Sacramento*, E.D. Cal. Case No. 2:16-cv-02283-TLNEFB (Alleging that two police officers falsely accused a minor of "tampering" with a mailbox, tackled him to the ground and dislocated his shoulder, and unlawfully detained him in the back of a police car for nearly an hour while conducting pretextual records searches before finally releasing him when it became apparent that no lawful justification for the arrest could be found on June 7, 2016. The resulting lawsuit was settled for $40,000. <https://www.sacbee.com/news/local/article228710949.html>).

vi. *Thompson v. City of Sacramento*, E.D. Cal. Case No. 2:18-cv-00806-KJMDB (Alleging that a police officer slammed a woman face-first into the frame of a patrol vehicle multiple times, breaking her nose and the orbital around her eye on April 10, 2016. The resulting lawsuit was settled).

vii. *Halcomb v. City of Sacramento*, E.D. Cal. Case No. 2:14-cv-02796-MCEDB (Alleging that three police officers broke into the wrong residence seeking the subject of an arrest warrant who lived at a different address and used excessive and unreasonable force against the resident when he confronted the intruders on August 8, 2014. The resulting lawsuit was settled for $220,000, after it was discovered that a police officer lied about the existence of a warrant. <http://www.sacbee.com/news/local/crime/article147296244.html>. On March 7, 2018, in response to a subsequent citizen complaint against the officer who lied under oath, Defendant DANIEL HAHN found "no violation of Police Department rules or regulations" by the officer that lied, under oath, about the existence of a warrant).

**RATIFICATION**

34.     On information and belief, Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125 will fail and/or refuse to hold their officers accountable for the unreasonable and excessive uses of force against Plaintiff THONGXY PHANSOPHA.

35.     On information and belief, Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125 will determine that the unreasonable and excessive uses of force against Plaintiff THONGXY PHANSOPHA were

justified and/or in compliance with Defendant SACRAMENTO POLICE DEPARTMENT's policies and general orders, based on the customs described above.

## FIRST CLAIM
### Unreasonable and Excessive Force
### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

36.    This Claim is asserted by Plaintiff THONGXY PHANSOPHA on behalf of themselves against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125.

37.    Plaintiff THONGXY PHANSOPHA realleges and incorporates the allegations of the preceding paragraphs 1 to 35, to the extent relevant, as if fully set forth in this Claim.

38.    Defendants DOE 1 to 100, acting or purporting to act under color of state law and in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against Plaintiff THONGXY PHANSOPHA, or failed to intercede and/or were integral participants to the use of unreasonable and excessive force, in violation of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

39.    Defendants DANIEL HAHN and DOE 1 to 125's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally protected rights, or were wantonly or oppressively done.

40.     As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125's actions and inactions, Plaintiff THONGXY suffered injuries entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125; and punitive damages against Defendants DANIEL HAHN and DOE 1 to

41.    WHEREFORE, Plaintiff THONGXY PHANSOPHA prays for relief as hereunder appears.

///

///

**SECOND CLAIM**
**Unreasonable and Excessive Force**
**(U.S. Const., Amend. XIV; 42 U.S.C. § 1983)**

42.     This Claim is asserted by Plaintiff THONGXY PHANSOPHA against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125.

43.     Plaintiffs THONGXY PHANSOPHA realleges and incorporates the allegations of the preceding paragraphs 1 to 35, to the extent relevant, as if fully set forth in this Claim.

44.     Defendants DOE 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in conscience-shocking conduct by employing potentially-lethal force with the purpose to harm and/or deliberate indifference and without regard to the known or obvious risks of injury to Plaintiff THONGXY, or failed to intercede and/or were integral participants to the potentially-lethal force, in violation of rights protected by the Fourteenth Amendment of the U.S. Constitution

45.     Defendants DANIEL HAHN and DOE 1 to 125's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally protected rights, or were wantonly or oppressively done.

46.      As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125's actions and inactions, Plaintiff THONGXY suffered injuries entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125; and punitive damages against Defendants DANIEL HAHN and DOE 1 to

47.     WHEREFORE, Plaintiff THONGXY PHANSOPHA prays for relief as hereunder appears.

///

///

///

**THIRD CLAIM**
**Retaliation**
**(U.S. Const., Amend. I; 42 U.S.C. § 1983)**

48.     This Claim is asserted by Plaintiff THONGXY PHANSOPHA against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125.

49.     Plaintiff THONGXY PHANSOPHA realleges and incorporates the allegations of the preceding paragraphs 1 to 35, to the extent relevant, as if fully set forth in this Claim.

50.     Defendants DOE 1 to 100, acting or purporting to act under color of state law and in the performance of their official duties as law enforcement officers, retaliated against Plaintiff THONGXY PHANSOPHA for engaging in constitutionally protected activity with intent to inhibit that activity, or failed to intercede and/or were integral participants to the retaliation, in violation of rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

51.     Defendants DANIEL HAHN and DOE 1 to 125's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally protected rights, or were wantonly or oppressively done.

52.     As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125's actions and inactions, Plaintiff  THONGXY PHANSOPHA suffered injuries entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125; and punitive damages against Defendants DANIEL HAHN and DOE 1 to 125.

53.     WHEREFORE, Plaintiff THONGXY PHANSOPHA  prays for relief as hereunder appears.

///

///

**FOURTH CLAIM**
**Equal Protection**
**(U.S. Const., Amend. XIV; 42 U.S.C. § 1983)**

54.     This Claim is asserted by Plaintiff THONGXY PHANSOPHA against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125.

55.     Plaintiff THONGXY PHANSOPHA realleges and incorporates the allegations of the preceding paragraphs 1 to 35, to the extent relevant, as if fully set forth in this Claim.

56.     Defendants DOE 1 to 125, acting or purporting to act under color of state law and in the performance of their official duties as law enforcement officers, discriminated against Plaintiff THONGXY in using force against them based on an animus towards attendees at demonstrations concerning police violence and accountability, without a rational relationship to any legitimate state interest, or failed to intercede and/or were integral participants to the discriminatory uses of force, in violation of rights protected by the Fourteenth Amendment of the U.S. Constitution.

57.     Defendants DANIEL HAHN and DOE 1 to 125's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally protected rights, or were wantonly or oppressively done.

58.     As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125's actions and inactions, Plaintiff THONGXY PHANSOPHA suffered injuries entitling them to receive compensatory damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125; and punitive damages against Defendants DANIEL HAHN and DOE 1 to 125.

59.     WHEREFORE, Plaintiff THONGXY PHANSOPHA prays for relief as hereunder appears.

///

**FIFTH CLAIM**
**Unreasonable and Excessive Force**
**(Cal. Const., Art. I, § 13)**

60.     This Claim is asserted by Plaintiff THONGXY PHANSOPHA against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125.

61.     Plaintiff THONGXY PHANSOPHA realleges and incorporates the allegations of the preceding paragraphs 1 to 35, to the extent relevant, as if fully set forth in this Claim.

62. Cass Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of the rights of Plaintiff  THONGXY PHANSOPHA, protected by Article I, Section 13 of the California Constitution.

62.     As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125's actions and inactions, Plaintiff  THONGXY PHANSOPHA suffered injuries entitling them to receive equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125.

63.     WHEREFORE, Plaintiffs THONGXY PHANSOPHA prays for relief as hereunder appears.


**SIXTH CLAIM**
**Unreasonable and Excessive Force**
**(Cal. Const., Art. I, § 7(a))**

64.     This Claim is asserted by Plaintiff THONGXY PHANSOPHA against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125.

65.     Plaintiff THONGXY PHANSOPHA realleges and incorporates the allegations of the preceding paragraphs 1 to 35, to the extent relevant, as if fully set forth in this Claim.

66.     As a direct and proximate result of Defendants CITY OF SACRAMENTO,

SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125's

actions and inactions, Plaintiff THONGXY PHANSOPHA suffered injuries

entitling them to receive equitable (declaratory and injunctive) relief against Defendants

CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN,

and DOE 101 to 125.

67.     WHEREFORE, Plaintiff THONGXY PHANSOPHA prays for relief as hereunder

appears.

### SEVENTH CLAIM
### Retaliation
### (Cal. Const., Art. I, §§ 1, 2, 3)

68.     This Claim is asserted by Plaintiff THONGXY PHANSOPHA against Defendants

CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN,

and DOE 1 to 125.

69.     Plaintiff THONGXY PHANSOPHA realleges and incorporates the allegations of the

preceding paragraphs 1 to 35, to the extent relevant, as if fully set forth in this Claim.

70.     As a direct and proximate result of Defendants CITY OF SACRAMENTO,

SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125's

actions and inactions, Plaintiff THONGXY PHANSOPHA suffered injuries entitling them to

receive equitable (declaratory and injunctive) relief against Defendants CITY OF

SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE

101 to 125.

71.     WHEREFORE, Plaintiff THONGXY PHANSOPHA prays for relief as hereunder

appears.

### EIGHTH CLAIM
### Equal Protection
### (Cal. Const., Art. I, § 7(a))

72.     This Claim is asserted by Plaintiffs THONGXY PHANSOPHA  against Defendants

CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN,

and DOE 1 to 125.

73.     Plaintiff THONGXY realleges and incorporates the allegations of the preceding

paragraphs 1 to 35, to the extent relevant, as if fully set forth in this Claim.

74. As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125's actions and inactions, Plaintiff THONGXY PHANSOPHA suffered injuries entitling them to receive equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125.

75.     WHEREFORE, Plaintiff THONGXY PHANSOPHA prays for relief as hereunder appears.

### NINTH CLAIM
### Rehabilitation Act
### (29 U.S.C. § 701, et seq.)

76.     This Claim is asserted by Plaintiff THONGXY PHANSOPHA against Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT.

77.     Plaintiff THONGXY PHANSOPHA realleges and incorporates the allegations of the preceding paragraphs 1 to 35, to the extent relevant, as if fully set forth in this Claim.

78.     Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT each qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. On information and belief, Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT receive federal financial assistance. Plaintiff THONGXY PHANSOPHA at all times material herein, were regarded as having a physical or mental impairment that substantially limited one or more major life activities; or perceived to have a physical or mental impairment.

79.     Defendants DOE 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, failed reasonably to accommodate Plaintiff THONGXY PHANSOPHA's disabilities and personally utilized, failed to intercede and prevent, and/or were integral participants to excessive and unreasonable force used against them because of their apparent or perceived disabilities, in violation of their rights protected by the Rehabilitation Act, 29 U.S.C. § 794, et seq.

80.    Defendants DANIEL HAHN, and DOE 101 to 125's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to statutorily protected rights, or were wantonly or oppressively done.

81.    As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125's actions and inactions, Plaintiff THONGXY PHANSOPHA suffered injuries

entitling them to receive nominal, compensatory, and punitive damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT.

82.    WHEREFORE, Plaintiff THONGXY PHANSOPHA prays fo relief as hereunder appears.

## TENTH CLAIM
### Americans With Disabilities Act
### (42 U.S.C. § 12101, et seq.)

83.    This Claim is asserted by Plaintiffs THONGXY PHANSOPHA against Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT.

84.    Plaintiff THONGXY PHANSOPHA realleges and incorporates the allegations of the preceding paragraphs 1 to 35, to the extent relevant, as if fully set forth in this Claim.

85.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT each qualify as a "public entity" within the meaning of 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104. Plaintiff THONGXY PHANSOPHA at all times material herein, was regarded as having a physical or mental impairment that substantially limited one or more major life activities; or perceived to have a physical or mental impairment.

86.    Defendants DOE 1 to 100, acting or purporting to act in the performance of their official duties as law enforcement officers, failed reasonably to accommodate Plaintiff THONGXY PHANSOPHA's disabilities and personally utilized, failed to intercede and prevent, and/or were integral participants to excessive and unreasonable force used against them because of their apparent or perceived disabilities, in violation of their rights protected by the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

87.     Defendants DANIEL HAHN, and DOE 101 to 125's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to statutorily protected rights, or were wantonly or oppressively done.

88.      As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125's actions and inactions, Plaintiff THONGXY PHANSOPH suffered injuries entitling them to receive nominal, compensatory, and punitive damages and equitable (declaratory and injunctive) relief against Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT.

89.     WHEREFORE, Plaintiff THONGXY PHANSOPHA prays for relief as hereunder appears.

## ELEVENTH CLAIM
### Bane Act
### (Cal. Civ. Code § 52.1)

90.     This Claim is asserted by Plaintiff THONGXY PHANSOPHA against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125.

91.     Plaintiff THONGXY PHANSOPHA reallege and incorporates the allegations of the preceding paragraphs 1 to 35, to the extent relevant, as if fully set forth in this Claim.

92.     U.S. Const., Amend. IV & Cal. Const., Art. I, § 13 Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of the rights of Plaintiffs THONGXY PHANSOPHA protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and Article I, Section 13 of the California Constitution.

93.     Cal. Const., Amend. XIV & Cal. Const., Art. I, § 7(a) Claims: Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in the violation of

the rights of Plaintiff THONGXY PHANSOPHA protected by the Fourteenth Amendment of

the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

94.     <u>Cal. Const., Amend. I & Cal. Const., Art. I, §§ 1, 2, 3 Claims:</u> Defendants CITY OF

SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE

101 to 125, acting or purporting to act under color of state law and as policymaking

authorities, maintained policies or customs of action and inaction resulting in the violation of

the rights of Plaintiffs THONGXY PHANSOPHA protected by the First Amendment (as

incorporated through the Fourteenth Amendment) of the U.S. Constitution and Article I,

Sections 1, 2, and 3 of the California Constitution.

95.     <u>Cal. Const., Amend. XIV & Cal. Const., Art. I, § 7(a) Claims:</u> Defendants CITY OF

SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE

101 to 125, acting or purporting to act under color of state law and as policymaking

authorities, maintained policies or customs of action and inaction resulting in the violation of

the rights of Plaintiff THONGXY PHANSOPHA, protected by the Fourteenth Amendment

of the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

96.     As a direct and proximate result of Defendants CITY OF SACRAMENTO,

SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125's

actions and inactions, Plaintiff THONGXY PHANSOPHA suffered injuries

entitling them to receive statutory penalties and equitable (declaratory and injunctive) relief

against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT,

DANIEL HAHN, and DOE 101 to 125.

97.     WHEREFORE, Plaintiff THONGXY PHANSOPHA prays for relief as hereunder

appears.

### TWELFTH CLAIM
### Intentional Infliction of Emotional Distress

98.     This Claim is asserted by Plaintiff THONGXY PHANSOPHA against Defendants

CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN,

and DOE 101 to 125.

99.     Plaintiff THONGXY PHANSOPHA reallege and incorporates the allegations of the preceding paragraphs 1 to 35, to the extent relevant, as if fully set forth in this Claim.

100.    Defendants DOE 1 to 200, acting or purporting to act in the performance of his official duties as a law enforcement officer, engaged in outrageous conduct, including: (i) use of unreasonable and excessive force; (ii) conscience-shocking employment of dangerous force; (iii) retaliation; and (iv) discrimination against Plaintiff THONGXY PHANSOPHA, and, as a result of that outrageous conduct, Plaintiff suffered severe emotional distress.

101.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DANIEL HAHN and DOE 1 to 225.

102.    Defendants DANIEL HAHN and DOE 1 to 225's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

103.    Plaintiff THONGXY PHANSOPHA was injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225's actions and inactions, entitling them to receive compensatory damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225; and punitive damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN and DOE 1 to 225.

104.    WHEREFORE, Plaintiff THONGXY PHANSOPHA prays for relief as hereunder appears.

### THIRTEENTH CLAIM
### Negligence

105.    This Claim is asserted by Plaintiff THONGXY PHANSOPHA against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125.

106.     Plaintiff THONGXY PHANSOPHA realleges and incorporates the allegations of the preceding paragraphs 1 to 35, to the extent relevant, as if fully set forth in this Claim.

107.     Defendants DOE 1 to 200, acting or purporting to act in the performance of his official duties as a law enforcement officer, owed Plaintiff THONGXY PHANSOPHA a duty of care and breached that duty, including by: (i) employing inappropriate tactical conduct and decisions preceding the use of dangerous force; (ii) using of unreasonable and excessive force; (iii) conscience-shocking employment of dangerous force; (iv) retaliating against demonstration attendees; and (iv) discriminating against demonstration attendees.

108.     Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DANIEL HAHN and DOE 1 to 225.

109.     Defendants DANIEL HAHN and DOE 1 to 225's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

110.     Plaintiff THONGXY PHANSOPHA was injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225's actions and inactions, entitling them to receive compensatory damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225; and punitive damages against Defendants DANIEL HAHN and DOE 1 to 225.

111.     WHEREFORE, Plaintiff THONGXY PHANSOPHA prays for relief as hereunder appears.

### FOURTEENTH CLAIM
### Assault / Battery

112.     This Claim is asserted by Plaintiff THONGXY PHANSOPHA against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 101 to 125.

113.     Plaintiff THONGXY PHANSOPHA realleges and incorporates the allegations of the preceding paragraphs 1 to 35, to the extent relevant, as if fully set forth in this Claim.

114.     Defendants DOE 1 to 200, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally touched, caused to be touched, or threatened to touch, without consent, Plaintiff THONGXY PHANSOPHA, and that touching or threatened touching constituted unreasonable and excessive force.

115.     Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DANIEL HAHN and DOE 1 to 225.

116.     Defendants DANIEL HAHN and DOE 1 to 225's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

117.      Plaintiff THONGXY PHANSOPHA was injured as a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225's actions and inactions, entitling them to receive compensatory damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 225; and punitive damages against Defendants DANIEL HAHN and DOE 1 to 225.

118.     WHEREFORE, Plaintiff THONGXY PHANSOPHA prays for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff THONGXY PHANSOPHA seeks Judgment as follows:

1.     For issuance of a judgment declaring that Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125's actions, inactions, and/or policies or customs complained of herein unconstitutional under the U.S. Constitution and the California Constitution;

2.     For entry of a preliminary and permanent injunction enjoining Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125's prospective actions, inactions, and/or policies or customs complained of herein in violation of the U.S. Constitution, the California Constitution, and Cal. Civ. Code § 52.1;

3.      For an award of compensatory, general, and special damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125, according to proof at trial;

4.     For an award of exemplary or punitive damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN and DOE 1 to 125, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions were motivated by evil motive or intent, involved reckless or callous indifference to protected rights, or were wantonly or oppressively done; and/or constituted oppression, fraud, and/or malice resulting in great harm;

5.     For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, and DOE 1 to 125, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT pursuant to Cal. Civ. Code § 818);

6.     For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

///

///

///

///

///

1    7.    For an award of any other further relief, as the Court deems fair, just, and

2  equitable.

3

4  DATED:                **CESARI, WERNER AND MORIARTY**

5

6                                BY  _____/s/_____

7                                   DENNIS F. MORIARTY
                                    ARLEN LITMAN-CLEPER
8                                   Attorney for Plaintiff
                                    THONGXY PHANSOPHA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR COMPLAINT FOR VIOLATION OF CIVIL RIGHTS